UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:25 CR 249 |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| JOSHUA WOOLRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Joshua Woolridge's Motion to Dismiss

Indictment, and Supplement. (ECF #25, 26). The Government filed a Response in Opposition to

the Motion. (ECF #33). The Defendant argues that 18 U.S.C. §922(g)(1) is unconstitutional both

facially, and as applied to his circumstances.


## FACTUAL BACKGROUND[1]

Mr. Woolridge had two prior felony convictions. The first was a state court conviction for

possession of cocaine. (Case No. 2004-08-2729, Court of Common Please of Summit County,

Ohio). The second was a federal conviction for being a Felon in Possession of a Firearm. (Case

---

[1]

The facts have been taken from the allegations in the indictment. These facts are
accepted as true for purposes of this opinion only. They should not be construed as
findings of the Court.

No. 5:21 CR 145, United States District Court for the Northern District of Ohio). He was

subsequently found to be in possession of two semiautomatic pistols and ammunition. (ECF #1).

## ANALYSIS

Defendant argues that following the United States Supreme Court decision in *New York*

*State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), 18 U.S.C. §922(g)(1), the statute

prohibiting possession of a weapon by people who have been previously convicted of a crime

punishable by imprisonment of a term exceeding one year, is unconstitutional both facially and as

applied.

A. Facial Challenge

Following the *Bruen* decision, the Supreme Court of the United States clarified its position

on the constitutionality of 18 U.S.C. §922(g)(1) by upholding the constitutionality of the statute

against "individual[s] found by a court to pose a credible threat to the physical safety of anther."

*United States v. Rahimi*, 144 S. Ct. 1889 (2024). Based, at least in part, on the *Rahimi* holding, the

Sixth Circuit has determined that felon dispossession laws, such as 18 U.S.C. §922(g)(1) are "not

susceptible to a facial challenge." *United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024).

Since that holding, the Sixth Circuit has continued to hold that 18 U.S.C. §922(g)(1) is

constitutional on its face in every case that has since been brought before it. *See, e.g., United*

*States v. Partee*, No. 24-5114, 2024 WL 4224982 (6th Cir. Sept. 18, 2024); *United States v.*

*Dorsey*, No. 24-5129, 2024 WL 4250319 (6th Cir. Sept. 20, 2024); *United States v. Parham*, No.

24-5025, 2024 WL 4511825 (6th Cir. Oct. 17, 2024); *United States v. Gailes*, No. 23-5928, 2024

WL 4457416 (6th Cir. Oct. 10, 2024). For this reason, Defendant's facial challenge to the

constitutionality of 18 U.S.C. §922(g)(1) fails.

B. <u>Challenge As Applied</u>

The Supplement to Mr. Woolridge's Motion contends that even if the felon in possession law withstands a facial challenge, it is unconstitutional as applied through his indictment. He contends that he possessed the weapons at issue for self protection, and that this use is protected by the plain text of the Second Amendment. He further argues that his predicate offenses "do not suggest that his is particularly 'dangerous,' or otherwise subject to firearm restrictions like those targeted at the founding.

This Court is bound by the Sixth Circuit's decisions, and the Sixth Circuit has held otherwise. The *Williams* court held that "most applications of §922(g)(1) are constitutional" when applied to dangerous people. 1113 F.4th at 662-63. It further held that it is the defendant's burden to make an individualized showing that he is not dangerous. *Id.* at 662. Mr. Woolridge has failed to meet that burden. He relies only on case law outside of the Sixth Circuit, and has not addressed his own criminal history to explain why he should not be deemed a "dangerous" person. As the burden is on him, and he has not attempted to make an individualized showing that he is not dangerous, the statute is constitutional as applied.

Further, it is clear that he has not addressed his criminal history because it would not support his contention that he should not be considered dangerous. Mr. Woolridge has an extensive criminal history that includes multiple examples of dangerous conduct. He has prior convictions for possession of cocaine, attempted participation in a criminal gang, grand theft of a firearm, having weapons under disability, felon in possession of a firearm, and misdemeanor assault. This combination of offenses conduct clearly illustrates that Mr. Woolridge's is

dangerous, and his possession of weapons would be likely to endanger the community. *Accord, United States v. Gaither*, 2024 WL 4567281 at *2 (N.D. Ohio Oct. 24, 2024).

## CONCLUSION

For the reasons set forth above, the Court finds that Defendant, Mr. Woolridge's Motion to Dismiss the Indictment is not supported by the record or by the applicable law. The motion is, therefore, DENIED. (ECF #25, 26). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: February 3, 2026

4